Tompkins, J.,
delivered .the opinion,of the Court.,
This .was a scire facias■ sued.out on a,forfeited,recognizance.- It sets fórth, that the - grand jury.-found an indictment against one James A.. Collins for dealing as a vendor of merchandize without having.a,license. Collins being arrested by virtue of a capias issued on this indietment, entered into a recognizance before Peter Eerguson, a Justice of the- Peace: the condition of the recognizance was to appear and answer to.thg-indictment, and McGunnegie was his bail. To this scire facias McGunnegle pleaded that the said Peter Ferguson, before whom.the recognizance was taken and certified, was not, according to the laws of the Slate of Missouri, authorized to take and certify a recognizance in manner and form as in the scire facias -set forth. To this plea a demurrer w.as filed and overruled. The question raised is, whether a Justice of the Peace is authorized to .lake the recognizance, in such case as that set forth in the scire facias. By the 5th section of the act to regulate proceedings in criminal cases, provision is made that Judges of the Supreme Court throughout the State, Judges of the Circuit Courts in their respective circuits, and Justices of the Peace in their respective counties, shall have power to take recognizances of persons charged with apy offence against the laws of this State, and to binfi. to the, peace and good behavior.
The 6th section,gives to the.Circuit Courts power to issue process for the.appre-. hension of all persons indicted.in such Courts : tbp 7th section simply declares that a seal is not requisite to.make a warrant good-: the 8th, Sth and 10th sections provide. for cases where the person charged with committing the offence is not found in the. county in which, the offence is committed. The 11th section declares it to.be the duty of every Judge or Justice of the Peace, before whom any person shall be brought, charged with any criminal offence, before he shall commit such prisoner to jail or admit him to bail, to take the examination of such, prisoner and the information on oath of those who bring him, and all the witnesses attending, of the facts and cir-. cumstances, all which, with.the warrant of commitment, or the recognizapce, as the. case may be, is to be cerlifiedfo the proper Court having cognizance of the offence. The 13th. section provides, that where any person shall he committed to jail for want-of hail, or for not entering into recognizance, any Judge or twio Justices of the Peace, may take.such hail or recognizance in vacation, and .discharge the prisoner from con». Spemement. One Judge may discharge the prisoner after he is committed but it-requires two Justices of the Peace to do the same.apt, fo.r reasons obvious enough., In the regular course of prosecution, the grand jury, takes cognizance of this, charge at the next term.of the Circuit Court, and if they find the-charge to be well; founded, the law then presumes that the..e,yidence of the prisoner’s.guilt is somewhat. *285 stronger, and he is put on trial before the Court by a petit jury, who are to find him • guilty or not guilty. But the case before us is that of one who for some immaterial reason was first taken notice of by the grand jury, and against him the law presumes ■ also there is evidence sufficient to put him on his trial;. a degree of evidence somewhat higher than that obtained against the personwho had been committed to jail on the charge of a criminal offence. Can it be presumed that the law, after refusing to trust a Justice of the Peace with the power to take a recognizance when the proba- - Uility of- guilt was less, would do so when it was greater? The question is its own answer, but the correctness of the-conclusion, that the Justice cannot take bail in such case, is more fully established by the provision made in the 6th section, viz;. that the Circuit Court shall have power to issue process for the apprehension of all persons indicted in that- Court. A capias issued to arrest a person indicted in that' Court, is a warrant of commitment issued by it on the information of the grand jury, . and consequently of higher authority than a warrant of commitment by any officer examining a prisoner and taking .testimony under the provisions of- the 11th section. - It may be safely concluded, that if a. single Justice of the Peace could not discharge from jail a person who had -been committed after an examination according to the provisions of the 11th section, Jhe could nofrstop the-same prisoner on his passage to jail under the authority of such.commitment, and discharge him on his entering into a recognizance. If, then, the Justice wanted power to-take bail when the prisoner was on his passage to jail on the commitment ofr-the examining officer, whether •• Judge or Justice, with what propriety can it be presumed that the law means to grant him such power when the prisoner is on his passage’ to jail on a capias, when the evi- - dence is presumed to beso much stronger? ' The Circuit Court for the reasons above given, we think, committed .no error in overruling the demurrer. Its -- judgment is therefore affirmed..